Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiffs, Donald Allen and Portia Allen

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ALLEN and PORTIA ALLEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY,<br><br>Defendant. | Case No. **'17CV333 AJB RBB**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.); and<br><br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)<br><br>**Jury Trial Demanded** |

Plaintiffs Donald Allen and Portia Allen ("Plaintiffs"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this class action Complaint against Defendant WELLS FARGO & COMPANY (hereinafter "Defendant") to stop Defendant's practice of fraudulently opening bank accounts under its account holders' names without permission in order illegally benefit from them and to obtain redress for all California account holders ("Class Members") who were represented to receive a free account with Defendant when purchasing the account, within the applicable statute of limitations period, but in fact received a different account in which they had funds deducted from their account on a reoccurring basis each month (hereinafter collectively referred to as the "Class Products").

2. Defendant is a Delaware corporation and is bank engaged in the sale and advertising of banking related services with its headquarters and a large share of its business done in California.

3. Defendant represents to its account holders that it provides minor savings accounts to its account holders at no cost.

4. Plaintiffs and others similarly situated obtained these accounts from Defendant.

5. Defendant misrepresented and falsely advertised to Plaintiffs and others similarly situated that the account would be free of charge with no fees whatsoever, but in fact Defendant would regularly convert these accounts to adult checking accounts and begin deducting fees on a recurring basis each month without any permission or authorization to do so from the customer.

6. Defendant's misrepresentations to Plaintiffs and others similarly situated caused them to obtain these accounts, which Plaintiffs and others similarly situated would not have opened absent these misrepresentations by

Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

7. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

8. This matter is properly venued in the United States District Court for the SOUTHERN District of California, in that Plaintiff opened the account and resides in the SOUTHERN District of California and Defendant does business, inter alia, in the SOUTHERN District of California.

9. There is original federal subject matter jurisdiction over this matter because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company that does business in the state of California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

## THE PARTIES

10. Plaintiffs Donald Allen and Portia Allen are citizens and residents of the State of California, County of San Diego.

11. Defendant WELLS FARGO & COMPANY is a corporation with its principal place of business located in Delaware and headquarters in California. Defendant is a Delaware Corporation. Defendant conducts a large share of its business within California.

12. Plaintiffs are informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is

attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

13. Plaintiffs are informed and believe, and thereon allege, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFFS' FACTS

15. In or around May of 2010 Plaintiffs went to Defendant's location located at 930 S. Santa Fe Ave., Vista, CA 92804, and opened a free minor bank account for Donald Allen.

16. Defendant represented, through oral and written statements, that Plaintiff Portia Allen could open up an account for her minor son Plaintiff Donald Allen at no cost.

17. Relying on the assurance that the account would be at no cost, Plaintiff Portia Allen decided to sign off on the account for Plaintiff Donald Allen who was a minor at the time. Plaintiff Portia Allen opened the account because of the assurance that there would be no charges associated with the account and that the account would be free.

18. However, around May of 2012, Defendant converted the account, without either Plaintiffs permission or authorization, into a jointly owned

checking and savings account and began charging Plaintiffs approximately fourteen dollars per month in fees on a reoccurring basis every month for each account.

19. Defendant continued to deduct funds from Plaintiffs account on a reoccurring basis until at least 2015. During this time, Plaintiffs closed this account with hundreds of dollars in it, which Defendant never provided back to Plaintiffs and instead took from Plaintiffs.

20. Upon learning this, Plaintiffs felt ripped off and cheated by Defendant.

21. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

22. Defendant expressly represented to Plaintiffs, through written and oral statements, that the account would be free and without costs or fees.

23. Plaintiffs allege that such representations were part of a common scheme to mislead account holders and incentivize them to open accounts so that Defendant could charge them fees without permission.

24. In opening an account with Defendant, Plaintiffs relied upon Defendant's representations that the account would be free.

25. Such representations were clearly false evidenced by the charges and fees deducted from Plaintiffs' account.

26. Plaintiffs would not have opened the account if they knew that the above-referenced statements made by Defendant were false.

27. Had Defendant properly advertised, and represented the Class Products, Plaintiffs would not have opened the account.

28. Defendant benefited from falsely advertising the account. Plaintiffs received nothing for giving their money to Defendant. Defendant benefited on the loss to Plaintiffs and provided nothing of benefit to Plaintiffs in exchange.

29. Had Defendant properly advertised and represented the Class Products, no reasonable consumer who opened an account with Defendant would have believed that it was free.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

31. The class Plaintiffs seek to represent (the "Class") is defined as follows:

> All California Citizens who, between the applicable statute of limitations and the present, who had a checking or savings account opened under their name after opening an account for a minor.

32. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

33. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

34. Plaintiffs reserve the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

36. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

37. Rather, all claims in this matter arise from the identical, false, affirmative oral and written statements that the accounts would be free, when in fact, such representations were false.

38. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiffs and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Products sold to account holders;

    (c) Whether Defendant profited from the opening of accounts;

    (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.* and California Bus. & Prof. Code § 17500, *et seq.*;

    (e) Whether Plaintiffs and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiffs and Class Members.

39. Plaintiffs are members of the class they seeks to represent

40. The claims of Plaintiffs are not only typical of all class members, they are identical.

41. All claims of Plaintiff sand the class are based on the exact same legal theories.

42. Plaintiffs have no interest antagonistic to, or in conflict with, the class.

43. Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiffs opened an account with

1  Defendant during the Class Period.  Defendant's unlawful, unfair and/or
2  fraudulent actions concerns the same business practices described herein
3  irrespective of where they occurred or were experiences.  Plaintiffs' claims are
4  typical of all Class Members as demonstrated herein.

5  44.  Plaintiffs will thoroughly and adequately protect the interests of the
6  class, having retained qualified and competent legal counsel to represent
7  themselves and the class.

8  45.  Common questions will predominate, and there will be no unusual
9  manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

46.  Plaintiffs incorporate by reference each allegation set forth above.

47.  Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

48.  California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

49.  Defendant misled account holders by making misrepresentations and untrue statements about the Class Products, namely, Defendant opened accounts that were said to be free fully knowing that they would charge fees on

these accounts, and made false representations to Plaintiffs and other putative class members in order to solicit these transactions.

50. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable account holders like Plaintiffs and other Class Members.

51. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's representations regarding the Class Products, namely that the accounts would be free. In reasonable reliance on Defendant's false advertisements, Plaintiffs and other Class Members purchased the Class Products. In turn Plaintiffs and other Class Members ended up with accounts that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

52. Plaintiffs allege that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. Defendant advertised to Plaintiffs and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be free.

54. Defendant knew that the Class Products would be converted into accounts with substantive charges and fees.

55. Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members that were not free.

56. The misleading and false advertising described herein presents a

continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to account holders unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

57. Plaintiff incorporates by reference each allegation set forth above.

58. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

59. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is

Page 9
CLASS ACTION COMPLAINT

substantially injurious to account holders, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

60. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to account holders or competition; and, (3) is not one that account holders themselves could reasonably have avoided.

61. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to charge fees on accounts advertised to be free (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the members of the Class.

62. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiffs and members of the Class that the Class Products would be free, in order to induce them into this transaction to later take money from their accounts. In fact, knowing that Class Products, by their objective terms were not free for Plaintiffs and other putative class members, Defendant unfairly profited from the transaction. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to account holders.

63. Finally, the injury suffered by Plaintiffs and members of the Class is not an injury that these account holders could reasonably have avoided. After

Defendant, falsely represented that Class Products would be free, these account holders suffered injury in fact due to Defendant's taking money from their accounts. Defendant failed to take reasonable steps to inform Plaintiffs and class members that the Class Products would incur a charge. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to open accounts with them. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these account holders could reasonably have avoided.

64.  . Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

65. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67. Here, not only were Plaintiffs and the Class members likely to be deceived, but these account holders were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs agreed to open an account under the basic assumption that it would be free, even though it contained substantial fees. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

68. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being free, and then charging substantive fees.

69. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

70. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

71. As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as being free, and then charging substantive fees on a reoccurring basis.

72. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

73. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

74. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

75. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary

further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

76. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

77. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

78. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class Members would not have opened accounts with Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

79. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

80. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class Members to judgment and equitable

relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

81. Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

82. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

83. Plaintiffs, on behalf of themselves and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiffs as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring WELLS FARGO & COMPANY, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring WELLS FARGO & COMPANY to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiffs and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded

| | | |
|---|---|---|
| 1 | | Class Products during the relevant class period; |
| 2 | (f) | Punitive damages, as allowable, in an amount determined by the Court or jury; |
| 4 | (g) | Any and all statutory enhanced damages; |
| 5 | (h) | All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power; |
| 8 | (i) | Pre- and post-judgment interest; and |
| 9 | (j) | All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court. |

Dated:  February 17, 2017          Respectfully submitted,

                                    LAW OFFICES OF TODD M. FRIEDMAN , PC

                                    By: /s Todd. M. Friedman
                                        TODD M. FRIEDMAN, ESQ.
                                        Attorney for Plaintiffs